11-2017-cr
United States v. Lujan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:  GUIDO CALABRESI,
            ROBERT D. SACK,
            REENA RAGGI,
                *Circuit Judges*,

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

        v.                           No. 11-2017-cr

ROBERT LUJAN,
                *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:       Yuanchung Lee, Appeals Bureau, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:        Iris Lan, Timothy D. Sini, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 5, 2011, is AFFIRMED.

Defendant Robert Lujan, who stands convicted, based on guilty pleas, to one count of theft of government funds, see 18 U.S.C. § 641, and four counts of making false statements, see 18 U.S.C. § 1001, appeals from that part of his judgment of conviction ordering him to forfeit $54,241. We review the district court's factual findings supporting forfeiture for clear error and its legal conclusions de novo. See United States v. Contorinis, 692 F.3d 136, 145 (2d Cir. 2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Lujan contends that he cannot be required to forfeit to the government an amount equal to what it paid to his landlord in fraudulently obtained rental subsidies because that money does not constitute "property . . . obtained" within the meaning of 18 U.S.C. § 981(a)(2)(A). This challenge is now foreclosed by this court's recent decision in United States v. Torres, --- F.3d ----, No. 11-1009-cr, slip. op. (2d Cir. Dec. 5, 2012). In Torres, on facts nearly identical to those presented here, the court held that the value of fraudulently procured housing subsidy benefits

> constituted "property" that was "obtained [by Torres] . . . indirectly" as a result of her offense, and may also be fairly characterized as "proceeds traceable to" or "net gain" realized from her offense. Each phrase provides an adequate premise under § 981 for the government's forfeiture complaint and the court's forfeiture award.

Id., slip. op. at 3 (alterations and ellipses in original). In so holding, the court explicitly

2

rejected the contrary analysis in <u>United States v. Hemingway</u>, No. 10 CR 302 (S.D.N.Y. Dec. 7, 2010), a case relied on by Lujan.  <u>See</u> <u>United States v. Torres</u>, --- F.3d ----, slip. op. at 12 (stating with respect to <u>Hemingway</u>, "We disagree with an analysis that seeks to characterize Torres's unlawful gain as inchoate and therefore not subject to forfeiture").

Accordingly, we reject as meritless Lujan's challenge to the district court's forfeiture order.  The district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court